UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CLARENCE RISHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADECCO INC., et al.,<br><br>Defendants. | Case No. 19-cv-05602-RS (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 109 |

## INTRODUCTION

This is a putative class action. The named plaintiff, Clarence Risher, alleges that the defendants violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by sending text messages to his cell phone soliciting him for employment with Adecco.[1] The parties filed a discovery letter disputing the following: (1) the relevance of the plaintiff's discovery requests to the motion for class certification and whether the scope of the plaintiff's discovery is outside the complaint; (2) the status of the defendants' objections to the discovery production on the basis of undue burden and whether the defendant's proposed data sample is sufficient; (3) whether the

---

[1] Third Am. Compl. (TAC) – ECF No. 78 at 1; Order – ECF No. 48 at 1; Notice of Change of Name – ECF No. 108. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-05602-RS (LB)

defendants have waived their remaining objections; and (4) the format of certain ESI production.[2] The court held a hearing on July 15, 2021, and now orders the following.

Regarding issues one through three, the court denies the plaintiff's requests. Essentially, the defendants argue that the plaintiff is seeking discovery outside the scope of his complaint.[3] The plaintiff's Third Amended Complaint alleges that the defendants violated the TCPA by sending text messages using an Automatic Telephone Dialing System (ATDS) to persons who last interacted with Adecco before August 10, 2017, and by sending text messages to a subclass of such persons whose numbers appear on the Do Not Call Registry.[4] The plaintiff seeks discovery on an undefined number of text recipients and text messages. For the reasons stated on the record, the court adopts the defendants' proposal for a responsive production, summarized as follows:

- The defendants will produce an initial data sample specific to the text message campaign through which the plaintiff received a text message
- The plaintiff will have 14 days to review and provide feedback on the form of the defendants' production
- The parties must then confer on the scope of a larger data production as applicable, in the format agreed to by the parties, seeking input from the undersigned as needed to resolve disagreements regarding the scope of the data production and any objections from the defendants based on burden.[5]

The contemplated production will be in Excel and will be produced in seven to ten days. Given the agreement to produce the sample in native format (with a larger production to follow, presumably also in native format), the court defers consideration of any challenges to the form of production until there is a concrete dispute.

---

[2] Letter Brief – ECF No. 109 at 1–7.

[3] *Id.* at 3.

[4] TAC – ECF No. 78 at 9 (¶ 35).

[5] *Id.* at 4.

The plaintiff filed a motion for leave to file a Fourth Amended Complaint early this morning.[6] If that complaint changes the scope of discovery, the parties can revisit the dispute.

**IT IS SO ORDERED.**

Dated: July 15, 2021

LAUREL BEELER
United States Magistrate Judge

---

[6] Motion for Leave to Amend Compl. – ECF No. 113; Proposed Fourth Am. Compl., Ex. 1 to *id.* – ECF No. 113-2.