UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE RISHER,<br>　　　　　　Plaintiff,<br>　　v.<br>ADECCO INC., et al.,<br>　　　　　　Defendants. | Case No. 19-cv-05602-RS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND** |

In this putative class action, plaintiff Clarence Risher alleges defendants Adecco, Inc. and Mya Systems, Inc. violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending two text messages to his cell phone that solicited him for possible employment through Adecco, which operates a job placement service. Risher previously amended his complaint three times to make relatively minor changes, once as of right, and twice by stipulation or without opposition. Risher now seeks leave to file a fourth amended complaint, which defendants oppose, arguing undue delay, futility, and lack of good cause to amend the scheduling order.

The deadline set in the scheduling order for amending pleadings expressly applies to doing so "without seeking leave from the Court." Where that deadline has passed, Rule 15 of the Federal Rules of Civil Procedure applies. Under the liberal standard of that Rule, "[t]he court should freely give leave when justice so requires."

Risher's first claim for relief alleges defendants violated the TCPA by sending text messages utilizing an automatic telephone dialing system. This claim likely has been fatally

undermined by the Supreme Court's ruling in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). The proposed Fourth Amended Complaint makes small wording changes to the claim that appear to be an attempt to avoid the *Duguid* holding, under a theory that has been rejected by other cases in this district. *See*, *e.g.*, *Hufnus v. Donotpay, Inc.*, No. 20-cv-08701-VC (N.D. Cal. June 24, 2021); *Tehrani v. Joie De Vivre Hospitality, LCC*, No. 19-cv-08168-EMC (N.D. Cal. August 31, 2021).

Declining to permit the amendment on grounds of "futility," however, would serve no useful purpose. The existing complaint would remain operative, and defendants would be required to bring a motion for judgment on the pleadings or a motion for summary judgment to obtain a ruling that the claim is in fact no longer viable after *Duguid.* With the filing of the Fourth Amended Complaint being allowed, defendants will have the opportunity to seek dismissal of the claim, if they so choose.

Risher also seeks to amend the class definitions. First, Risher wishes to recharacterize a previously alleged "do not call" subclass as a separate class. Although it is unclear why it was not always alleged as a separate class rather than a subclass, there is no undue prejudice to defendants and the amendment is appropriate. Risher also seeks to remove certain temporal limitations from the class definitions, which he contends will resolve certain disputes over the appropriate scope of discovery. Contrary to defendants' insistence, there is nothing inherently improper about amending class definitions in light of discovery issues, and the amendments are not otherwise unduly prejudicial or futile.

Finally, Risher seeks to add a completely new claim for relief advancing a theory that the text messages violate the TCPA's restrictions on the use of an "artificial voice" or prerecorded messages, given how the "chatbot" operates. While this novel theory may ultimately fail as an unsupportable application of the statutory language, it would be premature to reject it as futile in the context of applying Rule 15. Defendants may also be correct that the claim is one that Risher could have asserted at any time since this action commenced, but again the delay has not given

rise to undue prejudice, in light of the status of the litigation.[1]

The motion for leave to amend is granted. Risher shall file a copy of the Fourth Amended Complaint in the form as proposed in the motion. Defendants shall file responsive pleadings within 30 days thereafter.

**IT IS SO ORDERED**.

Dated: September 17, 2021

RICHARD SEEBORG
Chief United States District Judge

---

[1] Other minor amendments, including identifying Maya Systems by its new name, are not objectionable.