UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLARENCE RISHER,

        Plaintiff,

    v.

ADECCO INC., et al.,

        Defendants.

Case No. 19-cv-05602-RS

**ORDER GRANTING MOTION TO DISMISS AND OVERRULING OBJECTION TO DISCOVERY RULING**

## I.  INTRODUCTION

In this putative class action, plaintiff Clarence Risher alleges defendants Adecco, Inc. and Locutus, Inc. (formerly Mya Systems, Inc.) violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending text messages to his cell phone, soliciting him for possible employment through Adecco, which operates a job placement service. The operative fourth amended complaint advances three claims for relief. The first claim alleges defendants utilized an automatic telephone dialing system. Risher concedes, however, that in light of the Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), which applied a more restrictive construction of "autodialer," his first claim for relief is not tenable and may be dismissed.

Defendants' present motion does not challenge the second claim for relief, which asserts defendants sent the text messages notwithstanding the fact that Risher's telephone number was listed on the National Do Not Call Registry. The only question presented by the motion to dismiss,

United States District Court
Northern District of California

1   therefore, is whether text messages fall within the provisions of the TCPA prohibiting unsolicited

2   calls made using an "artificial or prerecorded voice."

3        Risher also challenges a discovery order entered by the assigned magistrate judge. For the

4   reasons below, the motion to dismiss will be granted, and the objection to the discovery ruling will

5   be overruled.

6

7                       II.  BACKGROUND

8        Risher alleges that in 2008 he submitted information to Adecco's job placement services

9   seeking employment in either a "data entry" position or as a "desktop support technician." He was

10   not hired for either of those positions, and had no further contact with Adecco. Nearly 11 years

11   later, however, in 2019, Risher received a text message stating, "Hello Clarence, this is Mya from

12   Adecco. We're hiring for Refurbisher roles, and I thought you might be interested. Do you have a

13   minute to chat via text? You can also reply 'no more texts'." Risher ignored the message. Some

14   hours later he received a further text message asking, "Hi Clarence! It's Mya again. Are you free

15   to chat for a few minutes?"

16        "Mya," was not a human being, but a "chatbot"—a computer program  utilizing so-called

17   artificial intelligence to recognize a consumer's responses and lead a conversation with an

18   individual in natural language by mimicking a human. Mya was developed and operated by

19   Locutus, under a contractual relationship with Adecco.

20

21                    III.  LEGAL STANDARDS

22        A complaint must contain "a short and plain statement of the claim showing that the

23   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not

24   required, a complaint must have sufficient factual allegations to state a claim that is "plausible on

25   its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544,

26   555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that

27   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

United States District Court
Northern District of California

CASE NO.  19-cv-05602-RS

2

1   alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer

2   possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task

3   requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

4       A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil

5   Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation*

6   *Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be

7   based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts

8   alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation

9   omitted). When evaluating such a motion, the court must accept all material allegations in the

10  complaint as true and construe them in the light most favorable to the non-moving party. *In re*

11  *Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).

12      As to Risher's objection to the discovery order, a district court may modify a magistrate

13  judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to

14  law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404,

15  1414 (9th Cir.1991).

16

17              IV.  DISCUSSION

18      A.  *Motion to dismiss*

19      In the absence of express consent, section 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA, and

20  its implementing regulations at 47 CFR § 64.1200(a)(2), prohibit non-emergency calls to cell

21  phones that are made "using any automatic telephone dialing system or an artificial or prerecorded

22  voice." As noted, Risher agrees that his claim that defendants used an "automatic telephone

23  dialing system" cannot go forward. Risher also acknowledges that the text messages sent to him

24  were not a "voice" in the sense of audible, spoken, words. Risher contends, however, that the

25  messages had a "voice" in a metaphorical sense—indeed that the very intent of the Mya chatbot is

26  to create the impression of an interactive human "voice," responding conversationally. Risher

27  further argues that the texts, although silent, represent the very type of automated, mass messaging

28

1    that TCPA was intended to prevent.

2        Risher's position is not frivolous. As one court observed, "the policy of protecting

3    telephone privacy might be advanced by a prohibition on unwanted text messages . . . ." *Mina v.*

4    *Red Robin International, Inc.*, Case No. 20-cv-00612-RM-KLM (August 18, 2022, D. Col.). As

5    the *Mina* court went on to hold, however, "that is not what the TCPA currently does." Rather, "in

6    common parlance, text messages simply are not considered 'voices,'" and the statute should be

7    understood by the ordinary meaning of its words. *Id.*; *see also*, *Soliman v. Subway Franchisee*

8    *Advertising Fund Trust, Ltd.*, Case No. 3:19-cv-592 (July 18, 2022, D. Conn.) ("To be sure . . .

9    'voice' can also be used metaphorically . . . [b]ut this use is less common and is typically used in

10   poetic or literary settings . . . . In normal English, an advertiser's text message is not its 'voice.'")

11       *Soliman* further observed that interpreting "voice" metaphorically "is even less plausible

12   given that the Act bans 'prerecorded voices.' To 'record' is '[t]o convert (sound or visual scenes,

13   esp. television pictures) into permanent form.' Record (def. 9c), Oxford English Dictionary. This

14   definition matches perfectly with the sound sense of 'voice,' but not with the metaphorical one."

15       Risher's third claim for relief, therefore, fails. Because this dismissal turns on the legal

16   conclusion that the text messages do not fall within the statutory language, it is not a pleading

17   defect that can be cured by amending to state additional or other facts. Risher has not suggested

18   otherwise. Accordingly, no leave to amend will be granted.

19

20       B.  *Objection to discovery ruling*

21       Risher contends that the magistrate judge has erroneously limited his ability to obtain

22   certain documents from defendants—(1) a representative sample of the dialing lists/logs showing

23   text recipients who may be class members, (2) data and records related to any consent defense, and

24   (3) documents showing differences in the text messages. The crux of the dispute appears to be that

25   defendants have produced only information "specific to the text message campaign through which

26   Plaintiff received a text message," whereas Risher wishes to represent "all individuals who were

27   sent text messages through Mya's chat bot promoting Adecco's job placements," which he insists

28

United States District Court
Northern District of California

requires discovery into other "campaigns" or candidate lists.

The magistrate judge, however, has not permanently closed the door on Risher's ability to obtain further discovery. Rather, in the order Risher challenges, the magistrate judge ruled that defendants had adequately complied with her prior order, Risher's assertions to the contrary notwithstanding. The judge then expressly ordered the parties to engage in further meet and confer discussions regarding, among other things, Risher's "request for the total number of text recipients."

The order observed that the parties had failed to "tether their arguments to the Fourth Amended Complaint," and that those arguments provided "no context that identifies the problem or suggests a solution." Risher's objection to the ruling insists the magistrate judge failed to conduct any analysis under Fed. R. Civ. P. 26. The record is clear, however, that the magistrate judge was appropriately focused on the questions of burden and relevance as directed by that rule both at the time of the order Risher challenges, and when issuing the underlying prior order. Indeed, the magistrate judge was careful to avoid deciding issues where the parties had not provided sufficient information and clarity to permit a proper Rule 26 analysis. In directing further meet and confer negotiations, the order noted, "[i]t is not the court's job to guess at relevance or burden."

In short, Risher has failed to show that the magistrate judge's ruling was clearly erroneous or contrary to law. His objection is overruled.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.  CONCLUSION

The motion to dismiss the first and third claims for relief of the fourth amended complaint is granted. Defendants shall file an answer to the remaining claim for relief within 20 days of the date of this order. The objection to the magistrate judge's discovery order is overruled.

**IT IS SO ORDERED**.

Dated: November 18, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

CASE NO.  19-cv-05602-RS